**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Charles FORTE, Defendant–Appellant.**

No. 01–5828.

United States Court of Appeals,
Sixth Circuit.

Aug. 13, 2002.

Before MERRITT and DAUGHTREY, Circuit Judges; WEBER, District Judge.*

### ORDER

This is a direct appeal from a criminal judgment and commitment order in which counsel for the defendant moves to withdraw representation on appeal. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 2000, Charles Forte was named in a three-count indictment for possessing cocaine for distribution. Forte later agreed to enter a plea to one count of the indict-

ment following his unsuccessful motion to suppress the results of an automobile search. The district court accepted the plea and found Forte guilty of possession with intent to distribute cocaine base (crack), in violation of 21 U.S.C. § 841(a)(1). The court sentenced Forte to a 189 month term of imprisonment with an eight year period of supervised release and Forte's counsel filed the present appeal. Counsel for Forte filed a motion to withdraw from this appeal and filed a "no merit" brief pursuant to Rule 101(f), Rules of the Sixth Circuit and *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Forte was served with this motion and a copy of the brief and was invited to respond, but he chose not to do so. Charles Forte had been convicted in 1994 of a drug offense and he was released from confinement in 2000. A law enforcement official received information that Forte was once again engaged in illegal drug trafficking and the officer confronted Forte with this accusation. Forte admitted to having received a small amount of cocaine, although not to having trafficked in cocaine, and the officer released Forte after admonishing him to refrain from further drug dealing. A known associate of Forte's, Anthony Moore, was arrested on drug charges later that year and he informed law officers that he had been supplying cocaine to Forte. Moore cooperated with police in making audio tape recordings of conversations with Forte that confirmed Forte's involvement in cocaine trafficking and contained details of proposed cocaine transactions. Police officers eventually obtained an anticipatory search warrant for Forte's residence based on these tapes.

---

* The Honorable Herman J. Weber, United States District Judge for the Southern District of Ohio, sitting by designation.

Law enforcement agents subsequently participated in a controlled cocaine transaction that conformed to one proposed and tape recorded by Forte and Moore. Police officers arrested Forte at the successful execution of the controlled buy of one kilogram of cocaine and, shortly thereafter, a drug detection dog alerted on Forte's automobile. The officers then impounded the vehicle, obtained a search warrant and discovered 270 grams of cocaine and cocaine base.

A grand jury named Forte in a three-count indictment for his role in the controlled cocaine purchase and his possession of cocaine and cocaine base. Forte's counsel unsuccessfully moved to suppress the drugs found and Forte thereafter entered into a written, then sealed, plea agreement to one count of the indictment. The parties proceeded to a Criminal Rule 11 plea hearing before the district court. The court ascertained that Forte was competent to enter the plea, that he was aware of the rights he was waiving by offering his plea and that Forte knew the range of penalties to which his plea exposed him. The court also heard the terms of the agreement summarized by counsel (with Forte's presence and acquiescence) at a recorded, side bar conference at which the government promised to move for a USSG § 5K1.1 reduction in Forte's base offense level if his level of cooperation warranted such a recommendation. The court then accepted the plea and set the matter over for preparation of a pre-sentence report.

The parties next met for sentencing, at which time Forte objected to the guideline range of 235–293 months imprisonment. Specifically, counsel for Forte argued that Forte's criminal history score placed him in Category Five rather than Category Six. The court entertained testimony on the disputed issue and ruled in Forte's favor. Counsel for the government declined to make a § 5K1.1 motion when prompted by Forte and the court proceeded to calculate Forte's sentencing range. The resultant guideline sentencing range was 168–210 months imprisonment (base offense level thirty-one, criminal history category five) and the district court sentenced Forte at the 189 month midpoint. The district court also revoked Forte's supervised release and added a thirty-month term to his punishment for this violation.

Counsel for Forte sets forth one arguable error in furtherance of his duty under *Anders*, namely, the district court's refusal to grant Forte a downward departure under § 5K1.1 in the absence of a government motion to that effect.

The proposed issue lacks merit. Section 5K1.1 of the Sentencing Guidelines allows a sentencing court to depart from the guidelines if the government files a motion indicating that a defendant has provided them with substantial assistance in the investigation or prosecution of another person who has committed a crime. *See* USSG § 5K1.1. In many plea agreements, the government refers to the possibility of a § 5K1.1 motion but ultimately reserves unilateral discretion to determine whether the motion is appropriate. The Sixth Circuit has ruled, in these situations, that courts may only review the government's refusal to file the motion to determine whether its decision was based on unconstitutional motives. *See United States v. Benjamin,* 138 F.3d 1069, 1073 (6th Cir. 1998). The government's decision may not be reviewed for bad faith, *United States v. Moore,* 225 F.3d 637 (6th Cir.2000), and there is no hint of an improper motive for the government's failure to file the § 5K1.1 motion so as to bring the case within the holding of *Wade v. United States,* 504 U.S. 181, 112 S.Ct. 1840, 118 L.Ed.2d 524 (1992). This issue lacks mer-

it. There are no other grounds raised or apparent to disturb the decision on review.

Accordingly, the motion to withdraw representation is granted and the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.